279 So.2d 728 (1973)
Joe Paul STEINER
v.
Tom ZAMMIT.
No. 9399.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
Rehearing Denied July 5, 1973.
Emile M. Weber, Baton Rouge, for appellant.
Guy A. Modica, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
*729 CRAIN, Judge.
This is a suit on a note filed by Joe Paul Steiner against Tom Zammit for the sum of $9,500.00 plus eight percent interest from April 14, 1971 until paid and for twenty-five percent of the aggregate of the principal and interest as attorney's fees. The trial court held in favor of the plaintiff awarding judgment in the full amount prayed for, but allowed to the defendant, Zammit, a credit in the sum of $4,155.25 which represented the amount received by the plaintiff when he sold certain pledged stock and applied same to the indebtedness owed him by the defendant-appellant. Defendant appeals.
The facts are as follows: The appellee, Steiner, made two unsecured loans of $5,000.00 each to the appellant, Zammit, the first in October of 1968 and the second in November of 1968. When the second loan was made, the appellant pledged as security certain stock owned by him in Royal American Corporation totaling 14,139 shares. The appellant endorsed the stock certificates in blank. On February 16, 1971, appellee listed himself as the assignee of the stock and had the corporation transfer the shares pledged into his name on its books.
On April 13, 1971, Steiner filed suit against Zammit in the Nineteenth Judicial District Court of the Parish of East Baton Rouge, on the two personal loans of $5,000.00 each, the balance due at that time being $8,000.00 and a claimed $1,187.00 in interest. In order to obtain dismissal of the suit, appellant executed a promissory note in the amount of $9,500.00 which included the total amount due from the two personal loans plus an amount for interest and attorney fees.
On May 17, 1971, appellee filed suit on this note. On May 23, 1972, appellee sold the pledged stock along with stock dividends which had been delivered to him.
Although the pleadings are by no means clear, it appears that appellant contends in his original answer, his supplemental answer and reconventional demand as follows: First, that at the time Zammit signed the note used upon in April of 1971, there was no consideration since the pledged stock had been fraudulently appropriated by Steiner in February of 1971, and this appropriation extinguished the debt. Secondly, by way of reconventional demand, appellant urges that when Steiner had the stock assigned to his name in February of 1971, it was worth $1.20 per share so that the stock appropriated by Steiner had a total value of $16,966.80. Thus, it is argued that Steiner actually owed Zammit $8,966.80, being the difference in the amount owed on the note and the value of the stock in February of 1971. Additionally, Zammit asked for $25,000.00 in damages against Steiner for the alleged fraudulent transfer.
Under the settled law of this state, the pledgee has no authority to dispose of or declare himself to be the owner of the object in pledge absent the express agreement of the pledgor. D'Amico v. Canizaro, 256 La. 801, 239 So.2d 339 (1970); Chappuis v. Spencer, 167 La. 527, 119 So. 697; LSA-Article C.C. 3165. The issue thus presented is whether the February transfer of the stock to Steiner's name was a transfer of the ownership thereof. We think not.
We find the situation here analogous to that dealt with by the Supreme Court of this state in the case of D'Amico v. Canizaro, 256 La. 801, 239 So.2d 339 (1970). In that case there had been a pledge of stock incident to a promissory note. There were subsequent transactions concerning the stock consisting of the following:
..."`On January 10, 1967 (the note was not paid at maturity despite repeated efforts of D'Amico) the "Assignment Separate from Certificate" forms were admittedly completed as to name the attorney and date. (Anthony J. Vesich, Jr. was irrevocably constituted and appointed attorney to transfer the stock *730 on the books of G. Brian Corporation, dated January 10, 1967.) The insertion of the assignee's name (Frank J. D'Amico) and the witness' signature (Joseph C. Canizaro) on the same date is a matter of contention ...'" 239 So.2d at 340.
In addition to the above transfer where the pledgee's name was entered as assignee on the stock assignment forms, the facts also indicate that the pledgee, D'Amico, filed suit in another proceeding wherein he alleged that he was owner of the stock. In finding that D'Amico had not become the owner of the stock, the court stated,
"The Uniform Stock Transfer Act, LSA-R.S. 12:621 et seq., is not applicable to this case. We are not concerned with the transfer of stock from one party to another under facts different from those herein involved. This matter is decided under the law of `Pledge' because, as stated supra, the facts disclose that `Pledge' and not stock transfer was intended by the parties." 239 So.2d at 343.
The same is true of the case at bar. The stock was "pledged" to Steiner in connection with the loan of money. In the February, 1971, transaction wherein Steiner had the stock transferred to his name, he did so not to transfer ownership, but to increase the value of the "pledge" by having the stock dividends accrue to him.
Thus when the note sued upon herein was executed by Zammit in April of 1971, the stock was still "pledged" as security for the indebtedness. Consequently there was an outstanding indebtedness, and forbearance from suit thereon was adequate consideration for the note. We therefore affirm the decision of the trial court upholding the validity of the note and rendering judgment thereon in the sum of $9,500.00 together with interest at the rate of 8% from April 14, 1971 until paid plus 25% attorney fees.
Appellant's reconventional demand relates solely to the February, 1971 transaction of the stock. Since we have held that Steiner did not acquire ownership of the pledged stock by this transaction, the reconventional demand would have to be dismissed for this reason. Additionally, the record shows that the reconventional demand was not filed until the date of trial, and was objected to by the plaintiff. The trial court apparently did not allow the filing of the reconventional demand since the judgment does not dispose of it. Thus, it does not appear that the issues raised by the demand are before the court.
Testimony was elicited that in May of 1972, Steiner actually sold the pledged stock. The trial court considered this transaction and credited the amount received against the total indebtedness. We find this to be error. Appellant filed no pleadings concerning the May, 1972 sale relying solely on the February transaction in an attempt to nullify the note. There is no question that Steiner, by his sale of the stock in 1972, appropriated the ownership thereof to himself in violation of the pledge agreement. However, the rights of the parties as a result thereof were not before the trial court and are not before this court. Allowing the credit on this obligation disposes of legal issues not presented. Consequently in this respect, we will reverse the judgment of the trial court allowing the credit and specifically reserve to appellant all rights he might have as pledgor of stock converted by the pledgee in May of 1972.
In accordance with the above, the judgment of the trial court is affirmed in part, reversed in part, and rendered, all costs to be paid by appellant.
Affirmed in part, reversed in part and rendered.